**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01025-WJM

VANDALE TAYLOR,

      Applicant,

v.

JOHN DAVIS, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

William J. Martínez. District Judge

      This matter is before the Court on Applicant Vandale Taylor's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 1).[1] Respondents filed an Answer on June 30, 2011. (Doc. No. 21.)  Applicant filed a Reply on July 12, 2011.  (Doc. No. 22).  After reviewing the pertinent portions of the record in this case including the Application, the Answer, the Reply, and the state court record, the Court concludes that the Application should be denied.

---

[1]Because Applicant appears *pro se*, the Court has construed his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972).  However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) .

## I.  BACKGROUND

On October 30, 2008, Applicant pled guilty in the District Court, City and County of Denver, Colorado to one charge of violating the Colorado Organized Crime Control Act, Colo. Rev. Stat § 18-17-104(3), in exchange for the dismissal of the remaining 32 counts against him.  Pre-Answer Response (Doc. No. 9) Ex. A at 4-10.  Applicant was sentenced to18 years imprisonment in the Colorado Department of Corrections, and currently is serving that sentence at the Buena Vista Correctional Complex in Buena Vista, Colorado.  *Id.* at 3.

Applicant did not file a direct appeal, but on August 12, 2009, he filed a Motion to Correct Illegal Sentence Pursuant to Rule 35(a) ("Rule 35(a) Motion") in the state trial court.  Applicant contended in his Rule 35(a) Motion that Colo. Rev. Stat § 18-17-104(3) is invalid because the Colorado Revised Statutes do not contain an "enacting clause" as required by the Colorado Constitution, and that, as a result, the state trial court did not have subject matter jurisdiction over his case.  State Court Record at 176-189.  The trial court denied the Rule 35(a) Motion, and Applicant appealed.  Application at 10-11; Pre-Answer Response Exs. B1, B2.  On September 2, 2010, the Colorado Court of Appeals affirmed the trial court's denial of the Rule 35(a) Motion in a per curiam opinion. Application at 12-13 (*People v. Taylor*, No. 09CA2760 (September 2, 2010) (per curiam) (unpublished)).

Applicant thereafter filed a Petition for Writ of Certiorari in the Colorado Court of Appeals, which was denied on February 22, 2011.  Application at 15 (*Taylor v. People*, No. 2010SC796 (Feb. 22, 2011) (unpublished)).

Applicant asserts two claims in his Application:  (1) "violation of due process of law," on the basis that "[t]he U.S. Constitutions [sic] require that a criminal defendant be made aware of the nature and cause of accusation against him," and "[t]he requirement of due process are [sic] satisfied by notice, which are [sic] given through the publication of the statutes," and (2) "[t]he courts lacked subject matter jurisdiction," on the basis that "[a] reading from the Colo. Rev. Statutes will show that they do not contain any enacting clause, which violates Applicant's federal rights."  Application at 5-6.

## II.  LEGAL STANDARDS

A federal court reviewing a 28 U.S.C. § 2254 habeas corpus petition does not reexamine the state court's determination of state law questions.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.*  Further, a § 2254 habeas petition may be granted only where the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case sub judice. Although the legal rule at
> issue need not have had its genesis in the
> closely-related or similar factual context, the Supreme Court
> must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, then the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established
> federal law if: (a) "the state court applies a rule that
> contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme

4

> Court and nevertheless arrives at a result different from [that] precedent." *Maynard [v. Boone]*, 468 F.3d [665,] 669 [(10th Cir. 2006) ] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.' " *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct, *see Sumner v. Mata*, 455 U.S. 591, 592-93 (1982), and Applicant bears the burden of rebutting the presumption by clear and convincing evidence, *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

## III.  DISCUSSION

### A.  Exhaustion of State Remedies and Timeliness

Exhaustion of available and adequate state court remedies is a prerequisite to a habeas application in federal court.  *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Respondents do not dispute that Applicant has exhausted his state court remedies. *See* Pre-Answer Response (Doc. No. 9) at 5.  Respondents also acknowledge that the present Application is timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  *See Id.* at 4-5.

### B.  Applicant's Claims

Article V, sec. 18 of the Colorado Constitution states that "[t]he style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado.' "  Applicant's claims, construed liberally and with the aid of reference to Applicant's state court filings, assert that all of the Colorado Revised Statutes, including Colo. Rev. Stat. § 18-17-104(3), are invalid because they do not contain this introductory "enacting clause."  As a result, according to Applicant, Applicant's rights under the United States Constitution were violated because he did not have notice of the "nature and cause of accusation against him," and because the state court lacked subject matter jurisdiction over his case.  Application at 5-6.

Applicant's claims are not cognizable in a federal § 2254 habeas action because they turn on the state of Colorado's interpretation of Colorado state law.  On Applicant's appeal of the denial of his Rule 35(a) motion, the Colorado Court of Appeals determined

6

that "the General Assembly properly enacted section 18-17-104(3)," and "there mere fact that the enacting clause does not appear in the Colorado Revised Statutes does not affect the validity of defendant's conviction under that statute. *See People v. Washington*, 969 P.2d 788 (Colo. App. 1998)." Application at 13 (*Taylor*, No. 09CA2760 at 2). Applicant contends in the present action that the Colorado Court of Appeals was wrong, that the Colorado Revised Statutes are in fact invalid because they do not contain an "enacting clause" as required by the Colorado Constitution, and that his federal constitutional rights were violated as a result. However, whether the Colorado Revised Statutes are invalid under the Colorado Constitution, or any other Colorado law, because they do not contain an "enacting clause" is purely a state law issue.[2] Although Applicant has wrapped his claims in federal nomenclature, those claims are, in substance, a challenge to the Colorado Court of Appeals' interpretation of Colorado law. On habeas review, this Court cannot reexamine state court determinations of state law questions. *See Estelle*, 502 U.S. at 67-68; *see also Richmond v. Embry*, 122 F.3d 866,

---

[2]It bears noting that the Colorado Supreme Court has squarely rejected the argument presented by Plaintiff, explaining that:

> [b]ecause each section in the statutory compilation is required to cite to its underlying source legislation pursuant to [Colo. Rev. Stat.] §2-5-102(1)(a), because the act adopting the statutory compilation itself contains the proper enacting clause, and because §2-5-118 does not preclude introduction of the Session Laws into evidence to prove or challenge the validity of a legislative enactment, we hold that the enacting clause as published in the Session Laws of Colorado satisfies the mandate of Colo. Const. art V, §18 and its underlying policy. Consequently, the omission of the enacting clause from the Colorado Revised Statutes does not render the statutes unconstitutional, and there was no constitutional deficiency in defendant's conviction.

*Washington*, 969 P.2d at 790.

870 (10th Cir. 1997) ("[R]elief under 28 U.S.C. § 2254 does not lie for errors of state law.")  Accordingly, Applicant's claims are not properly the subject of a federal habeas action, and must be dismissed on that basis.

Even if Applicant's claims were reviewable in this habeas action, the claims fail nonetheless because they do not seek to apply a rule of law that has been clearly established by the United States Supreme Court.  Applicant has cited to no Supreme Court case law holding that the Colorado Revised Statutes are invalid because they do not contain an "enacting clause," and the Court is aware of no such authority.  Because there is no applicable clearly established federal law, the state court's conclusion cannot have been contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, my inquiry ends, and the action must be dismissed.  *See House*, 527 F.3d at 1018.

Because Applicant has not argued that, under 28 U.S.C. § 2254(d)(2), the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented, and, indeed, neither the state trial court nor the state court of appeals made any factual determinations in reviewing the issues presented in Applicant's Rule 35(a) Motion, section 2254(d)(2) affords no relief in this case.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Applicant Vandale Taylor's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is DENIED and this civil action is dismissed with prejudice.  It is

FURTHER ORDERED that the parties shall bear their own costs and attorney's

fees.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant Vandale Taylor has not made a substantial showing of the denial of a

constitutional right, pursuant to 28 U.S.C. § 2253(c).

Dated this 10th day of August, 2011.

BY THE COURT:

_____

William J. Martínez
United States District Judge